# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| ALEN JOHANNES SALERIAN, | ) | Case Number: 1:13cr00017 |
|     Defendant | ) | |

This matter is before the undersigned on the following motions filed on behalf of the defendant:

1. Defendant's Motion To Transfer Venue, (Docket Item No. 39); and

2. Defendant's Motion For A Bill Of Particulars, (Docket Item No. 40) (collectively, "Motions").

These Motions were heard before the undersigned on October 29, 2013. Based on the arguments and representations of counsel, and for the reasons set forth below, the Motions are **DENIED**.

With regard to the motion to transfer venue, the court finds, and the defense concedes, that venue is proper in the Western District of Virginia. Title 18 United States Code §3237(a) provides "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." More specifically, a conspiracy "may be prosecuted in

-1-

any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." *United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992). The Superseding Indictment charges Salerian with one count of conspiracy to unlawfully distribute and 143 counts of distributing Schedule II controlled substances without a legitimate medical purpose and beyond the bounds of medical practice in violation of 21 U.S.C. §§ 846, 841 and 841(b)(1)(C). The Government has stated that the 143 distribution counts all involve patients who either were residents of the Western District or had prescriptions from Salerian filled at pharmacies located in the Western District of Virginia.

The defense argues that venue of this case should be transferred to the District Court for the District of Columbia, where Salerian's practice was located, or to the District Court for Maryland, where Salerian resides. The defense argues that a change of venue should be granted because Salerian cannot receive a fair trial in this district.

A criminal defendant's right to be tried by an impartial jury is protected by the Sixth Amendment to the United States Constitution. Federal Rule of Criminal Procedure 21(a) requires transfer of proceedings to another district if there is "so great a prejudice against the defendant … in the transferring district that the defendant cannot obtain a fair and impartial trial there." *In United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991), the Fourth Circuit adopted a two-step analysis to determine if pretrial publicity warranted a change of venue. "As a first step, a trial court must address whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted." *Bakker*, 925 F.2d at 732. Such prejudice may be presumed from the pretrial publicity itself only in "extreme

circumstances." *Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987). Furthermore, the burden of establishing the requisite prejudice is on the party asserting it. *See Wansley v. Slayton*, 487 F.2d 90, 94 (4th Cir. 1973). Where no presumption of prejudice exists, the trial court "should take the second step of conducting a *voir dire* of prospective jurors to determine if actual prejudice exists…. Only where *voir dire* reveals that an impartial jury cannot be impanelled would a change of venue be justified." *Bakker*, 925 F.2d at 732.

While the defense motion argues that "this district has been subjected to relentless media coverage describing the scourge of prescription drug abuse on an almost daily basis," the defense has provided the court with little evidence of such. In particular, the only media coverage of the case against Salerian cited by defense counsel is one article on the website for Roanoke-based television station WSLS. In support of its motion, the defense cites one other Washington Post newspaper article from 2008 and a 2013 documentary film, Oxyana, which documented the effect the abuse of prescription pain medication has had on Oceana, West Virginia. The defense also cites various comments made by prosecutors and investigators before the grand jury or to grand jury witnesses. Such comments, however, can have no effect on the court's ability to seat an impartial jury, in that grand jurors and grand jury witnesses would be disqualified from serving as trial jurors.

Based on this sparse evidence, the court finds that pretrial publicity has not been so inherently prejudicial that Salerian's criminal trial proceedings must be presumed to be tainted. *See Bakker*, 925 F.2d at 732. That being the case, a change of venue on this basis would be warranted only if actual voir dire of the venire showed that an impartial jury could not be seated. *See Bakker*, 925 F.2d at 732.

Salerian's counsel also argue that venue should be transferred under Federal Rule of Criminal Procedure 21(b) "to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." The burden is on the defendant to justify the transfer. *See In re United States*, 273 F.3d 380, 388 (3rd Cir. 2001). Factors a court may consider in deciding whether to transfer venue are (1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) docket conditions of each district involved; and (10) any other special elements which might affect a transfer. *See Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964).

Based on the court's consideration of these factors, only one clearly supports the defendant's transfer motion: Salerian and his family reside in Maryland. Many of the other factors do not support the transfer or weigh just as equally in favor of trying this case in this court. Salerian is no longer practicing medicine. Therefore, trial in this district will not disrupt his business. While Salerian's counsel practice in the District of Columbia, Government's counsel are located in the Western District of Virginia. The Government has proffered that at least 30 of its anticipated 50 trial witnesses reside in Southwest Virginia. To require these witnesses to travel to the District of Columbia would cause great inconvenience to them, as well as great expense to the Government. The defense has proffered that it intends to call 20-25 witnesses. While the defense argues that "critical" defense witnesses reside in the District of Columbia, the defense has not revealed who these witnesses are or why it

would be more inconvenient for them to travel to Abingdon than for the Government's witnesses to travel to the D.C. area. The events at issue in this case occurred both in the District of Columbia and the Western District of Virginia. While the defense argues that Salerian might need access to Salerian's records during trial, the Government also will need access to the evidence it has gathered, which is now located in the Western District of Virginia. Furthermore, the Government has informed the court that it has provided all materials gathered in the Salerian investigation in electronic format to defense counsel. While the defense argues that it is more expensive for Salerian to defend these charges in this district, it would be more expensive for the Government to try these charges in the District of Columbia. Defense counsel also argue that the Abingdon Division is relatively inaccessible. It seems that this argument turns on the fact that the area is not serviced by a direct airline flight from the D.C. area. The factor cuts both ways, however. Whatever difficulty defense counsel may have in traveling to Abingdon for trial would be present for the Government's trial team, if they were forced to travel from Abingdon to the D.C. area to try this case. The defense argues that the D.C. District Court docket, when broken down per judge, is less crowded than that of the Abingdon Division. While that appears true, no one has raised any issue that the court's docket has prevented it from trying in this case in a timely manner.

The court is persuaded that there is another special element that supports denial of the motion to transfer. The Government has tendered and proffered evidence to the court showing that Salerian actively recruited patients from the Western District of Virginia. This evidence includes Salerian traveling to this area to conduct a public forum, newspaper advertisements, hiring staff who live in Southwest Virginia and giving patients discounts to recruit other patients. Insofar as

the Government's charges are based on Salerian's treatment of some patients from this area, Salerian should not be allowed to now assert that it is inconvenient to return to this area for trial. Based on the court's weighing of the factors enumerated in *Platt*, the court finds that they do not support a transfer of these proceedings.

With regard to the motion for bill of particulars, "the function of a bill of particulars is … to supply any essential detail which may have been omitted from the indictment." *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (internal quotation and citation omitted). A bill of particulars is not to be used "to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (internal quotation and citation omitted). As stated above, the Superseding Indictment charges Salerian with one count of conspiracy to unlawfully distribute and 143 counts of distributing Schedule II controlled substances without a legitimate medical purpose and beyond the bounds of medical practice. The defense in this case argues that the Government should be required to disclose in advance of trial *how* it intends to prove that Salerian acted "without a legitimate medical purpose and beyond the bounds of medical practice." The Fourth Circuit in *Fletcher* specifically held that a bill of particulars should not used for this purpose. *See Fletcher*, 74 F.3d at 53.

I also find that a bill of particulars is not necessary in this case to protect Salerian from being placed in jeopardy again on the same alleged offense conduct. The Superseding Indictment specifically identifies the patients by initials, dates of prescriptions, drugs and quantities which are at issue on the 143 distribution counts. Furthermore, the Government has filed a bill of particulars similarly detailing each transaction which it plans to use at trial to prove the conspiracy count.

Based on the above-stated reasons, the Motions are **DENIED**.

ENTERED: this the 8th day of November, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE