**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| ALEN JOHANNES SALERIAN, | ) | Case Number: 1:13cr00017 |
|    Defendant | ) | |
| | ) | |

This matter is before the undersigned on the Defendant's Motion For A *Franks* Hearing And To Suppress, (Docket Item No. 73) ("Motion"). The Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Based on the arguments and representations of counsel contained in the Motion, and the facts contained in the exhibit attached to the Motion, and for the reasons stated below, I recommend that the court deny the Motion.

To be entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), a defendant must make a "dual showing … which incorporates both a subjective and an objective threshold component." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990). First, the defendant must "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56. Second the offending information must be essential to the probable cause determination. *See Franks* 438 U.S. at 156. If the offending information is excluded and probable cause still remains, no *Franks* hearing is required. *See Franks* 438 U.S. at 156.

In this case, defense counsel argue that the information contained in Paragraph No. 23 of the affidavit attached to the applications for search warrant for the defendant's residence and office is false. Paragraph No. 23 states:

> Further, your affiant obtained a letter written by "SR," to Ms. Tamara Neo. SR is also a former patient of SALERIAN. In this letter, SR told Ms. Neo that he knew of a doctor that was writing prescriptions for OxyContin and Methadone to numerous residents of Buchanan County and Tazewell County, Virginia. SR wrote, "All you have to do is pay him $340 cash and he will write you [OxyContin] & [M]ethadone." SR said he met the doctor through family members that were already established patients of the doctor. SR continued, "[T]he very first time I met with him (the doctor) was in a parking lot and he gave me 2 prescriptions for $340 dollar cash." Lastly, SR wrote, "[T]hey have been several people that have overdosed and died because of this…." Although SR never specifically identified the doctor as SALERIAN, it is known, based on records of the Virginia [Prescription Monitoring Program], that SR was a patient of SALERIAN, along with other members of SR's family.

It is important to note that the information contained in the affidavit has been sworn to by the affiant. The defense has offered no sworn statement contradicting this information. With no evidence that the information contained in this paragraph is false, defense counsel, instead, argue that the inclusion of this information shows a reckless disregard for the truth. Defense counsel argue that it was reckless for the affiant to include the information in the affidavit without further exploring the reliability of SR's allegations.

I find this argument fails to meet the defendant's burden of making "a substantial preliminary showing that a false statement knowingly and intentionally,

or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," *Franks*, 438 U.S. at 155-56, for two reasons. First, again, there has been no evidence presented to the court that the facts contained in this paragraph are false. Second, the totality of the facts contained in the affidavit support the reliability of the facts. Other portions of the affidavit substantiate that Dr. Salerian was writing prescriptions for OxyContin and Methadone to numerous residents of Buchanan and Tazewell Counties. Other portions of the affidavit also substantiate the fact that Dr. Salerian, at one time, charged $340.00 for an office visit.

I also find that the defendant has failed to meet his burden to show that the offending information contained in Paragraph No. 23 was essential to the probable cause determination. *See Franks* 438 U.S. at 156. In particular, I find that, if the alleged offending information is excluded, probable cause still remains for the issuance of the search warrants for the defendant's office and residence for evidence of the crime of conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 846. *See Franks* 438 U.S. at 156.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The defendant has failed to meet his burden of making "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit;" and

2. The defendant has failed to meet his burden of showing that the offending information contained in Paragraph No. 23 was essential to the probable cause determination.

## RECOMMENDED DISPOSITION

For the reasoning set out above, the undersigned recommends that this court deny the Motion and do not schedule an evidentiary hearing.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations could waive appellate review.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time. At the conclusion of the 14-

day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

ENTER: December 9, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE