IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:13CR00017 |
| | : | |
| ALEN JOHANNES SALERIAN | : | |

UNITED STATES' MOTION FOR THE COURT TO ADDRESS
THE ISSUE OF THE DEFENDANT'S MENTAL STATE

In a conference call held with the Magistrate Judge in June 2013, which was not held on the record, the United States raised the issue of the defendant's mental state, asking the Court to address with the defense whether there were any concerns regarding Salerian's mental health. At that time, defense counsel assured the Magistrate Judge they had no concerns to raise with the Court, and, so far as the United States is aware, no mental health evaluation was sought.

A recent magazine article, for which Salerian was apparently interviewed, raises new concerns regarding his mental state. In the February 2014 issue of *Washingtonian* magazine, an article about Salerian claims Salerian told the author "he'd been diagnosed in the 1980s with anxiety and ADHD, for which his psychiatrist still prescribes Prozac and Adderall." Ariel Sabar, *The Spectacular Unraveling of Washington's Favorite Shrink Starring Alen Salerian*, Washingtonian, Feb. 2014, at 163, *available at* http://www.washingtonian.com/articles/people/the-spectacular-unraveling-of-washingtons-favorite-shrink-starring-alen-salerian/. It then states it has been "proposed to [Salerian] by colleagues over the years, that he also suffers from bipolar disorder," a proposition Salerian apparently rejects. *Id.*

A defendant is entitled to an evaluation to determine competency if there is a good faith basis for believing there is mental health condition that may render him incompetent. 18 U.S.C. § 4241. In addition, defense counsel is obligated to investigate mental health status if reasonable causes exists to believe a defendant may be incompetent to assist in his defense and, in some circumstances, if a sanity defense may be warranted. *Hooper v. Garraghty*, 845 F.2d 471, 473-44 (4th Cir. 1988) (finding counsel's performance deficient for failure to investigate possible mental health defense); *United States v. Johnson*, 527 F.2d 1104, 1105-06 (4th Cir. 1975) (finding error where there was reasonable cause to believe defendant was insane or incompetent and mental health investigation was not pursued solely because the defendant objected to an evaluation); *but see Wilson v. Greene*, 155 F.3d 396, 403 (4th Cir. 1988) (counsel not ineffective for conducting investigating mental health defenses where evaluation established no mental illness).

In light of these new specific allegations regarding Salerian's mental health, the United States moves for this Court to address the issue of Salerian's competency and mental state with the defense prior to trial to ensure Salerian is competent to proceed and understands, and has waived, any procedural rights he may have under United States Code, Title 18, Chapter 13, 18 U.S.C. §§ 4241-4247, and existing case law.

      Respectfully submitted,

      TIMOTHY J. HEAPHY
      United States Attorney


      /s/ Jennifer R. Bockhorst
      Assistant United States Attorney

Tennessee Bar No. 021395
Attorney for United States of America
U.S. Attorney's Office
180 West Main Street
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant: Jennifer Baker Loeb, Matthew R. Palmer-Ball, Joshua Glen Berman, Christopher Jackson, and Glen Donath.

/s/ Jennifer R. Bockhorst
Assistant United States Attorney