# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 1:13-cr-17 |
| v. ) | |
| ) | |
| ALEN J. SALERIAN ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS

Defendant Alen J. Salerian, by and through counsel, hereby moves the Court to dismiss the indictment in this case due to Dr. Salerian's continued incompetency.

As the Court will recall, Dr. Salerian wishes to go to trial in this matter to clear his name. He expressed that desire directly to the Court on several occasions in opposing the competency proceedings that commenced in February 2014. He has suffered and continues to suffer extreme emotional and psychological harm from his inability to defend against the government's charges at trial. But he will never have his day in court. He has lost his medical license and will never practice medicine again. He has been financially devastated and has been forced into bankruptcy.

Dr. Salerian has been evaluated and/or treated by five separate psychotherapists over the past two years. He has undergone successive four-month rounds of inpatient treatment at the Federal Medical Center in Butner, North Carolina (where he suffered immensely) and outpatient treatment including the administration of antipsychotic medication. Notwithstanding these lengthy and intrusive efforts, Dr. Salerian remains incompetent to stand trial. Indeed, as Dr. Anita Boss's report makes clear, Dr. Salerian's psychological and emotional state has declined since the initiation of competency proceedings in this case. Since the competency proceedings

commenced, Dr. Salerian has also undergone surgery for prostate cancer, which has further deteriorated his mental and physical health.

Moreover, there is no realistic prospect of or pathway to restoration to competency. Dr. Boss, the Court-appointed evaluator, specifically found that additional treatment "would be unlikely to result in the level of improvement necessary to reduce Dr. Salerian's symptoms and restore the functional capacities necessary for him to improve his understanding of the nature and consequences of the proceedings against him and to assist in his defense." (Dkt. No. 279 at 18.) At the most recent competency hearing, the government made clear that it does not intend to seek any additional period of treatment or any further psychiatric evaluation of Dr. Salerian. Dr. Salerian's treatment by Dr. Ryan Shugarman, the Court-appointed psychiatrist, has terminated. Dr. Salerian is no longer being treated with anti-psychotic medication. There are no further psychiatric evaluations in this case scheduled, nor are there any court dates of any kind on the calendar in this matter. All of the psychotherapists who have treated and/or evaluated Dr. Salerian have concurred that Dr. Salerian does not pose a risk of danger to himself, to others, or to property. (Dkt. No. 295 at 6.) Thus, there is no basis for him to be detained or civilly committed under 18 U.S.C. § 4246.

While the Court has no further proceedings scheduled in this matter, Dr. Salerian continues to be monitored by the office of Pretrial Services and is subject to arbitrary and capricious treatment by that office. Just a few weeks ago, the Pretrial Services officer assigned to supervise Dr. Salerian conducted an unannounced "home visit" and expressed irritation that Dr. Salerian had not restrained his dog, even though he had no warning of the visit and the Court recently removed the condition of release requiring him to restrain animals on his property. (Dkt. No. 302.) In another example, Dr. Salerian's expired passport was recently returned to him

pursuant to a Court order, but Dr. Salerian was then upbraided by the Pretrial Services officer for applying for a new passport and not notifying the Court of prospective travel plans, even though he had not finalized those plans and the modified conditions of release directed him to seek the permission of his "supervising officer" rather than the Court.

There is no legal or public policy purpose served by keeping this matter indefinitely on the Court's docket. Dr. Salerian cannot be tried for the indefinite future and there exists no pathway for his restoration to competency. He should not be subject to "Pretrial" supervision since Dr. Salerian is in no meaningful sense "pre-trial." Dr. Salerian is a 68-year old man who is in declining mental and physical health. He is no longer being treated or evaluated by the Court for his mental illness. Dr. Salerian's inability to defend against the government's charges continues to compound his mental distress as does remaining in legal purgatory. While the government to date has refused to dismiss this matter, the Court should exercise its discretion and do so now.

## ARGUMENT

The Court has the discretion to dismiss this case now. After a reasonable period of time has passed to determine if competency can be restored "to permit the proceedings to go forward," 18 U.S.C. § 4241(d)(2) gives a district court authority to order that "the pending charges are disposed of according to law." While "the Government customarily dismisses indictments against defendants who, like [defendant], will never regain competency," *United States v. Peppi*, 2007 WL 674746, at *4 (D.N.J. 2007), courts have further noted that 18 U.S.C. § 4246 "recognizes that criminal charges *may* be dismissed because of a person's mental illness." *United States v. Ecker*, 78 F.3d 726, 728 n.2 (1st Cir. 1996) (emphasis added). Courts have further recognized that the continued pendency of charges against a defendant who will not

3

regain competency raises Due Process concerns at some point, even as to defendants who are not in custody or committed. *See United States v. Wilson*, 2012 WL 2499506 (W.D. Missouri), at *3.

The Court should exercise its discretion and dismiss the pending charges against Dr. Salerian now. Unlike the vast majority of criminal defendants against whom the government maintains charges in analogous circumstances, Dr. Salerian poses no risk of dangerousness, is not being held in a federal facility, is not subject to civil commitment, and therefore is not undergoing any further psychological treatment or evaluation. *Cf. United States v. Crumpler*, 2013 WL 6843009 (E.D. N.C. 2013) (defendant held pursuant to § 4246); *United States v. Banks*, 2015 WL 1932928 (W.D. Va. 2015) (same). There are no further reports being provided to the Court and no further evaluations of Dr. Salerian. Unlike the vast majority of cases where pending charges remain against defendants who have been found to be incompetent, there is no reasonable prospect here of restoration to competency.

Moreover, because Dr. Salerian's Court-ordered treatment and evaluation have been terminated, the only apparent purpose of maintaining the pending charges is to provide a basis for the Pretrial Services Office to monitor Dr. Salerian. Yet Dr. Salerian is not "pending trial" in any meaningful way, a necessary predicate for Pretrial Services to exercise a supervisory interest in Defendant. *See* 18 U.S.C. § 3142 (a) (Bail Reform Act requires that a judicial officer "issue an order that, pending trial, the person be" released on recognizance or bond, released with conditions, or detained). As other courts have found, the Bail Reform Act is inapplicable to Dr. Salerian because he cannot be brought to trial now or in the foreseeable future. *See Peppi*, 2007 WL 674746, at *4 ("Because Mr. Peppi cannot be brought to trial now, it seems an impermissible fiction to pretend that one is pending. If not pending trial, then the Bail Reform Act could not apply.").

Moreover, since Dr. Salerian poses no risk of dangerousness, (*see* Dkt. No. 295 at 6), federal charges cannot be maintained to keep tabs on his mental health. As *Peppi* held, "[t]he Bail Reform Act is not society's prophylactic from the mentally ill." *Peppi*, 2007 WL 674746, at *4. Should Dr. Salerian give the government or a mental health provider cause for concern, either can initiate civil commitment proceedings under state law. But this matter cannot and should not be kept pending as a means of monitoring Dr. Salerian for dangerousness.

Dr. Salerian and his family have suffered enormously since the government raided his home and office in March 2011. Dr. Salerian wishes to defend himself at trial but will never be able to do so. He is not subject to any further treatment or evaluation in this case and poses no risk of danger to himself or to others. No public or judicial interest is served by keeping this case on the federal docket. Accordingly, the Court should exercise its discretion and dismiss this matter.

Respectfully submitted,

/s/ *Glen Donath*
Glen Donath, admitted *pro hac vice*
D.C. Bar No. 460582
Joshua G. Berman, admitted *pro hac vice*
D.C. Bar No. 489751
Jennifer Baker Loeb, admitted *pro hac vice*
D.C. Bar No. 996094
**KATTEN MUCHIN ROSENMAN LLP**
2900 K Street NW
North Tower – Suite 200
Washington, DC 20007
Telephone: (202) 625-3500
Facsimile: (202) 298-7570
glen.donath@kattenlaw.com

***Counsel for Defendant Alen J. Salerian***

**CERTIFICATION OF SERVICE**

I hereby certify that on December 15, 2015, I caused the foregoing *Motion to Dismiss* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney Jennifer Bockhorst, counsel for the government.

                                */s/ Jennifer Baker Loeb*
                                Counsel for Defendant Alen J. Salerian