# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:13CR00017 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ALEN JOHANNES SALERIAN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; Glen Donath, Joshua G. Berman, and Jennifer Baker Loeb, Katten Muchin Rosenman LLP, Washington, D.C., for Defendant.*

The defendant, Alen Johannes Salerian, has moved to dismiss the criminal charges pending against him. The defendant argues that because he is not mentally competent to stand trial, and there is no realistic prospect that he will become fit to stand trial, that the Indictment should be dismissed. The government opposes the motion because of the serious nature of the charges and because the relevant statutory language does not require dismissal. For the following reasons, I will grant the defendant's motion and dismiss the charges without prejudice.

I.

The defendant, now 68 years old, was a psychiatrist who practiced for many years in Washington, D.C. He was indicted in this court on April 16, 2013, charging him with unlawfully distributing controlled substances and conspiring to commit the same offense. See 21 U.S.C. §§ 841(a), 846. These charges stemmed from allegations that as a pain management specialist he unlawfully prescribed various drugs to persons in this judicial district.[1] The defendant's medical license in the District of Columbia was revoked on July 1, 2013.

The jury trial was scheduled to begin on February 10, 2014. Approximately two weeks before that date, the government received information that cast doubt on the defendant's mental competence, and moved for the court's consideration of his mental state. On February 3, 2014, a hearing was held on the government's motion. After additional briefing and analysis of the matter, the defendant was ordered to undergo a psychiatric evaluation.

The defendant was evaluated on March 10 and 14, 2014, on an out-patient basis by a psychologist who was agreed to by both of the parties. This evaluation found that the defendant was incompetent to stand trial, a finding that the defendant's counsel later agreed with. While the defendant himself maintained

---

[1] A Superseding Indictment was later returned, but will be referred to for convenience as the Indictment.

that he was, in fact, competent, the magistrate judge thereafter found that the defendant was not competent to stand trial.

On April 25, 2014, the magistrate judge ordered the defendant into the custody of the Attorney General for commitment to a mental health treatment facility. He was thereafter designated to the Federal Medical Center ("FMC") at Butner, North Carolina, for approximately four months so that a determination could be made as to whether his competence could be restored. On October 7, 2014, the FMC issued a 59-page report that addressed the defendant's behavior and mental state. This report discussed how the stress of his current situation was negatively impacting his physical and mental health, and found that his mental status had actually declined while he was at the FMC. The report further confirmed that he was not competent to stand trial.

The FMC report also proposed a treatment plan for the purpose of restoring the defendant's competence. The parties ultimately agreed upon a treatment plan for the defendant, and an Agreed Order for Treatment was entered on December 11, 2014. After four months of out-patient treatment, including antipsychotic medication, the defendant was again deemed to be incompetent in a psychiatric report dated August 18, 2015. This report concluded that it was unlikely that the defendant's competency would be restored to the point where he could stand trial.

Neither this report nor any of the other reports suggest that the defendant presents an immediate risk to himself or others.

Since then, the defendant has received no further treatment for the purpose of restoring his competency, and the government does not dispute that he is unlikely to ever be restored to competency. The defendant cannot engage in the illegal prescription of drugs because he no longer holds a medical license. He remains on bond and the Probation Office continues to monitor the defendant as if he was awaiting trial.

## II.

The defendant has moved to have the Indictment dismissed because he argues there is no realistic prospect that he will regain his competency to stand trial. The government argues that I am not required to dismiss the defendant's charges and that I should decline to dismiss them because of the severity of the conduct alleged.

On the government's first point, the parties agree that I am not required to dismiss the Indictment. The relevant statutes set forth procedures that should be followed when there is a question about a criminal defendant's mental competency to stand trial, and allow for such a defendant to be committed when he poses a "substantial risk of bodily injury to another person or serious damage to property of another. . . ." 18 U.S.C. §§ 4241, 4246. However, neither statute directly

prescribes what should happen when a defendant has been declared incompetent and has no reasonable expectation of becoming competent, yet is not a substantial risk to the public.

In one of the only recent appellate cases on this issue, the First Circuit reviewed a request to dismiss an indictment against a defendant who was found to be both incompetent and dangerous. *United States v. Ecker,* 78 F.3d 726, 728-29 (1st Cir. 1996). He was committed because of his dangerousness, but could not be transferred to state custody (as otherwise required by § 4246) because the federal case remained pending. The defendant argued for the indictment to be dismissed because there was little likelihood that he would regain his competency. *Id.* at 728. The First Circuit concluded that the district court was not required to dismiss the charges, and affirmed the district court's decision to not dismiss them. However, the court did acknowledge, albeit in a footnote, that while § 4246 does not require charges to be dismissed because of mental illness, that the statute allows for charges to be dismissed because of such illness. *Id.* at 728, n.2.

The defendant argues that because I am permitted to dispose of the Indictment, that it is appropriate to do so here. Unfortunately, there is little case law that discusses when I should exercise my discretion in this situation. One district court has opined "it is not illogical to conclude that the very reason that case law on this precise issue is lacking is because the Government customarily

dismisses indictments against defendants who . . . will never regain competency." *United States v. Peppi*, No. 06-157 (AET), 2007 WL 674746, at *6 (D. N.J. Feb. 28, 2007). Another court has suggested that the decision should be left to the United States Attorney until there are concerns about due process violations. *See United States v. Wilson*, No. 09-00349-01-CR-W-DW, 2012 WL 2499506, at *3 (W.D. Mo. June 7, 2012). The government has cited to cases that demonstrate district courts refusing to dismiss indictments in similar situations because they were not required to dismiss them. *See, e.g., United States v. West*, No. 03-cr-000128-WYD, 2007 WL 1851305, at *1 (D. Colo. June 26, 2007).

After reviewing the procedural history and facts that relate to the defendant, I am convinced that the charges pending against him should be dismissed without prejudice. The original charges were filed almost three years ago, yet there is currently no realistic likelihood that the defendant will ever see his day in court. While the defendant is not competent to stand trial, he does not present any danger to himself or others. He is certainly not able to unlawfully prescribe controlled substances, as the government alleges he did in the past, because he no longer holds a medical license.

Given that the defendant is not pending trial in any genuine way, I find that the Bail Reform Act, which serves as the basis for his current supervision, no longer applies to him. *See* 18 U.S.C. § 3142(a); *Peppi*, 2007 WL 674746, at *4.

-6-

Case 1:13-cr-00017-JPJ-PMS   Document 318   Filed 03/11/16   Page 6 of 7   Pageid#: 1762

There is evidence from the psychiatric reports that the pending charges are causing the defendant extraordinary stress, which in turn is causing him mental and physical harm. Allowing the charges to stand serves no practical purpose, and I find that the defendant should not be forced to endure the additional turmoil that is caused by allowing them to continue.

IV.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 309) is GRANTED. A separate order will be entered dismissing the Indictment without prejudice.

ENTER: March 10, 2016

/s/ James P. Jones
United States District Judge

-7-

Case 1:13-cr-00017-JPJ-PMS   Document 318   Filed 03/11/16   Page 7 of 7   Pageid#: 1763